1
2
3
4
5
6
7
8

IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WASHINGTON

9
10
11
12
13
14
15
16

SETH D. HARRIS, ACTING SECRETARY
OF LABOR, UNITED STATES
DEPARTMENT OF LABOR,[1]
           Plaintiff,
             v.

GOLDEN YEARS ENTERPRISES, INC., a
corporation; ELIZABETH C. ALAS, an
individual,
           Defendants

)
)
)
)
)
)
)
)
)
)
)
)
)
)

CASE NO. 2:12-cv-0.1927-RSM

**CONSENT JUDGMENT**

17
18
19

      Plaintiff has filed her Complaint and Defendants have appeared and, without admitting liability or the truth of any allegations in the Complaint, have agreed to the entry of this Order and Judgment without contest.  It is, therefore, upon motion of the Parties, and for cause shown:

20

**I**

21
22
23
24
25

      **ORDERED**, that Defendants, their officers, agents, servants, employees and those persons in active concert or participation with them be and hereby are permanently enjoined and restrained from violating the provisions of § 15(a)(2) of the Fair Labor Standards Act of 1938, as amended (29 U.S.C. 201 *et seq*.), hereinafter called "the Act," in the following manners:

26
27
28

---

[1] Seth D. Harris was appointed as Acting Secretary of Labor on January 24, 2013. Pursuant to Fed. R. Civ. P. 25(d) the caption has been changed to reflect the appointment.

GOLDEN YEARS ENTERPRISES, INC. CONSENT JUDGMENT PAGE 1 OF 5

U.S. DEPARTMENT OF LABOR
OFFICE OF THE SOLICITOR
300 Fifth Avenue, Suite 1120
Seattle, WA  98104
Telephone: (206) 757-6762
Facsimile: (206) 757-6761

**Defendants shall not**, contrary to § 6 of the Act, employ any employees engaged in commerce, or in the production of goods for commerce, or in an enterprise engaged in commerce or in the production of goods for commerce, at an hourly rate less than the federal minimum wage, and

**Defendants shall not**, contrary to § 7 of the Act, employ any employees engaged in commerce, or in the production of goods for commerce, or in an enterprise engaged in commerce or in the production of goods for commerce, for a workweek longer than forty (40) hours unless the employee receives compensation for his/her employment in excess of forty (40) hours at a rate not less than one and one-half times the regular rate at which he/she is employed, and

**Defendants shall not**, contrary to § 11 of the Act, fail to make, keep and preserve records of the wages, hours and other conditions and practices of employment maintained by them, as prescribed by the regulations duly promulgated under said § 11(c) at 29 C.F.R. Part 516.

## II

**IT IS FURTHER ORDERED** that the Plaintiff recover from Defendants the total sum of **$279,229.30** inclusive of backwages and liquidated damages.  The amount of **$139,614.65** shall be for gross overtime back wages as listed and allocated in the attached Exhibit A, plus $**139,614.65** in liquidated damages.

Payment shall be by certified checks made **payable in the alternative to the individual employee *or* U.S Department of Labor, Wage and Hour Division**, and shall be mailed to each employee at his or her last known address **within 30 days after this order is approved**.  All checks shall be accompanied by a letter identifying the payments as a result of the resolution of Solis v. Golden Years Enterprises, Inc. , *et al*.

GOLDEN YEARS ENTERPRISES, INC. CONSENT JUDGMENT PAGE 2 OF 5

U.S. DEPARTMENT OF LABOR
OFFICE OF THE SOLICITOR
300 Fifth Avenue, Suite 1120
Seattle, WA  98104
Telephone: (206) 757-6762
Facsimile: (206) 757-6761

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Copies of the front and back of the cancelled checks shall be provided to the Wage and Hour division no more than 65 calendar days after the check is issued accompanied by a letter identifying the case name as <u>Solis v. Golden Years Enterprises, Inc. , *et al*</u>. and including the employer's tax identification number.   Copies shall be sent to:

> **U.S. Department of Labor**
> **Wage Hour Division**
> **300 Fifth Avenue, Suite 1130**
> **Seattle, Washington 98104**

In the event that any employee listed on Exhibit A cannot be located, or refuses to accept the payment, 65 calendar days after the payment is due,  Defendants shall deliver to Plaintiff a certified check covering the total net due all such employees **payable to U.S. Department of Labor, Wage and Hour Division**, accompanied by a list of the employees for whom the checks represent backwage payment, their Social Security Numbers, the legal deductions made from the gross amounts due, and the employee's last known address.

Plaintiff shall distribute the monies paid by Defendants for employees Defendants could not locate to the employees identified or their estates if that is necessary.  Any money not so paid within three years because of inability to locate said employees or because of their refusal to accept said proceeds shall be deposited forthwith with the Treasury of the United States pursuant to 28 U.S.C. § 2041.

### III

**IT IS FURTHER ORDERED** that the rights of any of the Defendants' employees or ex-employees not specifically mentioned in Exhibit A to this Judgment, to back wages under the Act, are neither affected nor extinguished by this Judgment and neither party to the action

U.S. DEPARTMENT OF LABOR
OFFICE OF THE SOLICITOR
300 Fifth Avenue, Suite 1120
Seattle, WA  98104
Telephone: (206) 757-6762
Facsimile: (206) 757-6761

intends or contemplates that the Judgment entered in this action will affect such rights if any.

**IV**

      **IT IS FURTHER ORDERED** that each party shall bear its own fees and other expenses incurred by such party in connection with any stage of this proceeding.

      DATED this 26th day of April 2013.

RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE

///
///
///
///
///
///
///
///
///
///
///
///
///
///
///
///
///
///
///

**GOLDEN YEARS ENTERPRISES, INC. CONSENT JUDGMENT PAGE 4 OF 5**

U.S. DEPARTMENT OF LABOR
OFFICE OF THE SOLICITOR
300 Fifth Avenue, Suite 1120
Seattle, WA  98104
Telephone: (206) 757-6762
Facsimile: (206) 757-6761

Presented by:

**UNITED STATES DEPARTMENT OF LABOR**

M. Patricia Smith
Solicitor of Labor

Janet M. Herold
Regional Solicitor

Bruce L. Brown
Associate Regional Solicitor

Jeremiah Miller
Trial Attorney

By _____
     Jeremiah Miller,
     Trial Attorney
     U.S. Dept. of Labor
     300 Fifth Avenue, Suite 1120
     Seattle, WA 98104

Dated: _____

**Entry of this Judgment is hereby Consented to:**


_____
Elizabeth C. Alas, individually and as an authorized representative of Golden Years Enterprises, Inc.


Dated: _____

**GOLDEN YEARS ENTERPRISES, INC. CONSENT JUDGMENT PAGE 5 OF 5**

U.S. DEPARTMENT OF LABOR
OFFICE OF THE SOLICITOR
300 Fifth Avenue, Suite 1120
Seattle, WA  98104
Telephone: (206) 757-6762
Facsimile: (206) 757-6761

## EXHIBIT A

| EMPLOYEE | BACKWAGES | LIQUIDATED DAMAGES | GROSS AMOUNT DUE | PERIOD COVERED |
|---|---|---|---|---|
| Eleni Aldera | $1,090.56 | $1,090.56 | $2,181.12 | 8/6/2011 to 12/3/2011 |
| Queenie Bactad | $2,217.76 | $2,217.76 | $4,435.52 | 12/2/2009 to 8/4/2010 |
| Aristotle Bobila | $2,816.60 | $2,816.60 | $5,633.20 | 2/5/2011 to 8/6/2011 |
| Fidel Bohol | $1,345.23 | $1,345.23 | $2,690.46 | 10/1//2011 to 12/3/2011 |
| Junario Campo | $9,246.02 | $9,246.02 | $18,492.04 | 12/2/2009 to 11/30/2011 |
| Darlene Comiso | $4,889.75 | $4,889.75 | $9,779.50 | 12/2/2009 to 3/2/2011 |
| Marcelina Daligdig | $1,649.51 | $1,649.51 | $3,299.02 | 6/4/2011 to 10/1/2011 |
| Dora Dugenia | $4,074.27 | $4,074.27 | $8,148.54 | 12/2/2009 to 11/30/2011 |
| Yolanda Esquerra | $2,814.56 | $2,814.56 | $5,629.12 | 12/5/2009 to 7/31//2011 |
| Ronald Esteban | $11,372.95 | $11,372.95 | $22,745.90 | 12/5/2009 to 9/3/2011 |
| Georgia Esteron | $3,516.96 | $3,516.96 | $7,033.92 | 4/3/2010 to 1/1/2011 |
| Dave Estrella | $11,515.44 | $11,515.44 | $23,030.88 | 1/6/2010 to 11/30/2011 |
| Delfin Fajardo | $303.41 | $303.41 | $606.82 | 11/5/2011 to 12/3/2011 |
| Felicidad Limon | $9,742.58 | $9,742.58 | $19,485.16 | 12/5/2009 to 4/2/2011 |
| Janet Magalang | $7,058.83 | $7,058.83 | $14,117.66 | 1/2/2010 to 12/3/2011 |
| Gendveva Paras | $756.39 | $756.39 | $1,512.78 | 8/6/2011 to 10/1/2011 |
| Dolores Parinas | $7,564.45 | $7,564.45 | $15,128.90 | 12/5/2009 to 1/1/2011 |
| Elvira Raz | $4,601.27 | $4,601.27 | $9,202.54 | 12/2/2009 to 1/5/2011 |
| Impelita Raz | $7,008.52 | $7,008.52 | $14,017.04 | 12/5/2009 to 1/1/2011 |

| EMPLOYEE | BACKWAGES | LIQUIDATED DAMAGES | GROSS AMOUNT DUE | PERIOD COVERED |
|---|---|---|---|---|
| Juan Raz | $7,000.75 | $7,000.75 | $14,001.50 | 12/5/2009 to 1/1/2011 |
| Melissa Saflor | $135.23 | $135.23 | $270.46 | 11/2/2011 to 11/30/2011 |
| Efren Suarez | $12,582.24 | $12,582.24 | $25,164.48 | 12/2/2009 to 8/31/2011 |
| Mary Jane Tantoo | $1,961.40 | $1,961.40 | $3,922.80 | 4/6/2011 to 11/30/2011 |
| Maria Victoria Thomson | $14,861.27 | $14,861.27 | $29,722.54 | 12/2/2009 to 11/30/2011 |
| Arnold Vargas | $6,822.46 | $6,822.46 | $13,644.92 | 12/5/2009 to 1/1/2011 |
| Irene Villanueva | $1,028.25 | $1,028.25 | $2,056.50 | 4/2/2011 to 8/6/2011 |
| Erlina Vintayen | $1,637.99 | $1,637.99 | $3,275.98 | 2/6/2010 to 7/31/2010 |
| | | | | |
| **Total** | **$139,614.65** | **$139,614.65** | **$279,229.30** | |

EXHIBIT A TO CONSENT JUDGMENT - PAGE 2